UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK OLAF FONSECA, CDCR #G-62092,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JEFFREY A. BEARD, Ph.D., Secretary,<br><br>Defendants. | Civil No.   14cv0787 LAB (BLM)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br>**[Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

Roderick Olaf Fonseca ("Plaintiff"), who is currently incarcerated at California State Prison in Calipatria, California ("CAL"), and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc No. 1).

Plaintiff claims the California Department of Corrections and Rehabilitation's ("CDCR") implementation of a new "Jewish Kosher diet meal plan" ("JKDP") at CAL violates his rights to free exercise and equal protection under the First and Fourteenth Amendments.  *See* Compl. at 3.  Plaintiff further claims the JKDP violates his rights as an observant Jew under the Religious Land Use and Institutionalized Persons Act

1  ("RLUIPA"), by "forcing [him] to become vegetarian." *Id.*  Plaintiff seeks injunctive
2  relief as well as monetary damages "to be determined at trial." *Id.* at 7.

3      Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to
4  Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

5  **I.    MOTION TO PROCEED IFP**

6      All parties instituting any civil action, suit or proceeding in a district court of the
7  United States, except an application for writ of habeas corpus, must pay a filing fee of
8  $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to
9  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
10  § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a
11  prisoner granted leave to proceed IFP remains obligated to pay the entire fee in
12  installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C.
13  § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

14      Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
15  ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the
16  trust fund account statement (or institutional equivalent) for the prisoner for the six-
17  month period immediately preceding the filing of the complaint." 28 U.S.C.
18  § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified
19  trust account statement, the Court assesses an initial payment of 20% of (a) the average
20  monthly deposits in the account for the past six months, or (b) the average monthly
21  balance in the account for the past six months, whichever is greater, unless the prisoner
22  has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution
23  having custody of the prisoner then collects subsequent payments, assessed at 20% of
24  the preceding month's income, in any month in which the prisoner's account exceeds
25  / / /

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

$10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by an accounting clerk at CAL verifying his available balances, and has determined that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the CDCR and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The PLRA also requires that the Court review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds Plaintiff's pleading is sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] Accordingly, the Court will direct U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) is **GRANTED**.

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

2.      The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4.      The Clerk shall issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (Doc. No. 1) and the summons so that he may serve each named Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

5.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus,

1 has made a preliminary determination based on the face on the pleading alone that
2 Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required
3 to respond).

4       6.     Plaintiff must serve upon the Defendants or, if appearance has been entered
5 by counsel, upon Defendants' counsel, a copy of every further pleading or other
6 document submitted for consideration of the Court. Plaintiff must include with the
7 original paper to be filed with the Clerk of the Court a certificate stating the manner in
8 which a true and correct copy of any document was served on Defendants, or counsel for
9 Defendants, and the date of service. Any paper received by the Court which has not been
10 filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: August 19, 2014

_Larry A. Burns_
**HONORABLE LARRY ALAN BURNS**
United States District Judge