# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK OLAF FONSECA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | CASE NO. 14cv787-LAB (BLM)<br><br>**ORDER REJECTING REPORT AND RECOMMENDATION;**<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF;**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**ORDER OF DISMISSAL** |

　　　　Roderick Fonseca, a California state prisoner, filed this action pursuant to § 1983, claiming that Defendants have been violating his religious freedom. Fonseca is Jewish and has been provided with meals he admits are kosher. His complaint is that the kosher meals include less meat than other meals, and that meat is included in only two meals per week. The complaint seeks injunctive relief and damages. The two named Defendants are the California Department of Corrections and Rehabilitation (CDCR), and Jeffrey A. Beard, Secretary of the CDCR. Fonseca's claims arise under 28 U.S.C. § 1983 (for alleged First and Fourteenth Amendment violations) and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

This matter was referred to Magistrate Judge Barbara Major for report and recommendation pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Civil Local Rule 72.3. After that, Defendants filed a motion to dismiss, or in the alternative for summary judgment; and Fonseca filed a motion for injunctive relief.

On June 10, 2015, Judge Major issued her report and recommendation (the "R&R") recommending that Defendants' motion be granted in part and the action dismissed, and denying Fonseca's motion for injunctive relief. The R&R gave the parties until July 3, 2015 to file objections, and Fonseca has now filed his objections.

**Legal Standards for Review of Report and Recommendation**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.* The Court may also reject or modify the R&R even in the absence of objections. *See* § 636(b)(1); *Baldin v. Wells Fargo Bank, N.A.*, 2013 WL 796712, slip op. at *1 (D.Or., March 4, 2013) ("While the level of scrutiny under which I am required to review the [magistrate judge's findings and recommendations] depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the [findings and recommendations].") In addition, the Court may reconsider any pretrial matter the magistrate judge has ruled on. 28 U.S.C. § 636(b)(1)(A).

**Ruling on Motion for Injunctive Relief**

Fonseca's motion for injunctive relief (Docket no. 17) requests that the Court order officials at Corcoran State Prison (where he is now) to provide him with the kosher diet he

desires, and also that the Court order him transferred to Richard J. Donovan State Prison, where he thinks his rights will be better respected.

While the motion is in the nature of a motion for preliminary injunction and therefore is similar to a pretrial motion, § 636(b)(1)(A) specifies that Magistrate Judges may not decide motions for injunctive relief: "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, <u>except a motion for injunctive relief</u> . . . ." (emphasis added). The motion at issue here does not deal with a collateral issue such as discovery or sanctions; rather, it goes to the merits of Fonseca's claims. *See Fuentes v. Knowles*, 2007 WL 404864, at *1 (E.D. Cal., Feb. 2, 2007) (holding that magistrate judges may issue orders compelling action, as long as they do not determine the merits of the action or completely stay the action). The R&R should have made a recommendation, rather than ruling on the motion directly.  That portion of the R&R purporting to deny Fonseca's motion for injunctive relief and transfer is therefore **VACATED**.

Because the R&R erroneously treated denial of injunctive relief as an order rather than a recommendation, the parties were not on notice that they could file objections to it.  The Court will therefore rule on the motion directly.

For reasons discussed more fully below, it is clear the complaint must be dismissed. Because the underlying claims are being dismissed, his claim for injunctive relief, arising from the same facts under the same theories, cannot succeed either.

**Motion to Dismiss, or for Summary Judgment**

The R&R recommended that the complaint be dismissed for failure to exhaust administrative remedies. It also found the claims inadequately pled, and recommended dismissal with leave to amend (apparently as an alternative to dismissal for non-exhaustion). The R&R's reasoning on the exhaustion question does not adequately address the "ongoing violation" argument Fonseca has raised in support of his exhaustion argument. The Court also rejects the R&R's conclusion that the complaint could be saved by amendment. Having reviewed Defendants' motion and Fonseca's opposition, the Court determines that dismissal without leave to amend is required. The Court **REJECTS** the R&R, and will rule on the

pending motion to dismiss directly. While this renders Fonseca's objections partially moot, they are useful as a supplement to Fonseca's earlier briefing.

**CDCR's Immunity**

The CDCR argued that, as an agency of the state, it is absolutely immune from suit, and this argument is well-taken. *See Pennhurst State Sch. & Hosp.v. Halderman*, 465 U.S. 89, 98 (1984); *Montana v. Goldin*, 394 F.3d 1189, 1195 (9th Cir. 2005) (unless they specifically waive their immunity, state agencies are immune from private actions for damages or injunctive relief in federal court). In addition, states and their agencies cannot be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004). All claims against the CDCR must therefore be dismissed with prejudice.

**Failure to Exhaust Administrative Remedies**

Defendants both moved for summary judgment on the basis of non-exhaustion. The Prison Litigation Reform Act requires administrative exhaustion of claims, and exhaustion cannot be waived. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Woodford v. Ngo,* 548 U.S. 81, 85 (2006) (holding that failure is a defense to any suit challenging conditions of confinement); *see also id.* at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .") The R&R correctly sets forth the standards for summary judgment on the grounds of non-exhaustion, and cites documentary evidence showing the chronology of Fonseca's appeals process. But Fonseca has cited Cal. Code Regs. 3084.6(c)(4), which provides that if the matter being complained of is ongoing, an appeal may be filed at any time during its duration. Though he raised this argument in his opposition, the R&R did not address it, but assumed the deadline ran from the date the new policy was announced. Ordinarily, the Court would either require the issuance of a new report and recommendation addressing this argument, or rule on the motion directly. But here, the complaint is being dismissed with prejudice for other reasons, so the Court need not reach the exhaustion issue.

**Failure to State a Claim**

When determining whether a complaint should be dismissed for failure to state a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir.2007) (citation omitted). The Court may also consider documents attached to the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003) (citations and quotation marks omitted). Ordinarily when a complaint is dismissed, leave to amend is freely granted. *See* Fed. R. Civ. P. 15. But leave may be denied if amendment would be futile or the amended complaint would not withstand a motion to dismiss. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998).

One crucial argument the R&R did not address is Defendants' contention that Fonseca <u>is</u> being served meat, far more often than his allegations would suggest. They point out that Fonseca's own exhibits show he was served beef, chicken, or fish <u>five times per week</u>, and not twice a week as he claims. (*See* Compl. at 26–28, Ex. C.)[1] In his opposition, Fonseca admits the menus are accurate and admits he is being served the foods shown there. He explains that his argument is based on his reading of Jewish dietary law (kashrut), arguing that the fish he was served does not count as meat. The Court, of course, is in no position to adjudicate religious disputes, *see Presbyterian Church v. Hull Memorial Presbyterian Church*, 393 U.S. 440 (1969), but here it is not called upon to do so. Fonseca's

---

[1] Fonseca's exhibits show he was served tuna sandwiches (at two different meals), breaded chicken with barbeque sauce, a bologna sandwich, and breaded fish each week. Vegetarian protein foods, including some designed to mimic foods such as tacos, enchiladas, sausage, and chili, are served at all other meals. The menus also lists barbeque sandwiches on several other days, some of which are marked as being vegetarian. Defendants are willing to concede, *arguendo*, that all barbeque sandwiches are vegetarian, even those not marked as such.

Equal Protection claim arises under federal law, not Jewish law, and the Court looks to federal standards to resolve it. The pleadings show Fonseca is regularly served some kind of animal protein (fish, chicken, or kosher meat) at about five meals per week, only slightly less often than other prisoners are served meat. His conclusion that fish is not an adequate substitute for poultry or beef is not binding on the Court.

**Substantial Burden**

Fonseca's First Amendment (free exercise) and RLUIPA claims require, among other things, a showing that prison regulations substantially burden his sincerely held religious belief. *Holt v. Hobbs,* 135 S.Ct. 853, 862 (2015) (RLUIPA); *Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008) (§ 1983). Fonseca does not claim that his religion <u>requires</u> him to eat meat often (nor, for that matter, ever) — merely that it <u>allows</u> him to eat kosher meat.[2] *See McKenzie v. Ellis*, 541 Fed. Appx. 784, 785 (9th Cir. 2013) (affirming dismissal of prisoner's claim that because his religion allowed him to eat poultry, his religious diet should have included poultry). Nor does he argue that the meals he is served are nutritionally inadequate. Prisoners have no right to any particular quantum of meat in their diets. And even if it were true that Fonseca were eating a vegetarian diet, that would not amount to a substantial burden. *See, e.g., See Shoemaker v. Williams*, 2013 WL 528306, at *2 (D.Or., Feb. 11, 2013) (rejecting prisoner's claim that meat-free diet infringed his religious rights). *Compare Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008) (refusing to dismiss Muslim prisoner's

---

[2] Defendants' response to Fonseca's opposition to their motion expresses the concern that Fonseca was attempting to change his allegations to claim that he had a religious <u>obligation</u> to eat kosher meat daily, as opposed to its merely being <u>permitted</u>. But the Court finds this concern unfounded; the opposition makes clear Fonseca is merely claiming his religion permits to eat meat daily, and does not claim this is a religious obligation, much less a daily requirement. (*See* Opp'n to Mot. to Dismiss at 4–5 (repeatedly using permissive language such as "right to eat meat," "permission to eat meat," and "may eat meat").) The opposition does refer to Jewish Kabbalistic teaching (without claiming that Fonseca adheres to or sincerely believes in this teaching) that encourages slaughtering and eating animals. (*Id.* at 5.) But even here, there is no suggestion that slaughtering animals or eating their meat is a daily obligation (*id.*) — or that, if it were, the state's legitimate interests would not outweigh it. *See, e.g., Curry v. California Dept. of Corrections,* 2013 WL 75769, at *9 (N.D. Cal., Jan. 4, 2013) (collecting cases for the principle that legitimate governmental interests preclude the need for state prisons to serve particular kinds of foods).

claim that vegetarian diet violated his religious rights, where the diet exacerbated his medical condition and rendered him ritually unclean). The situation here renders Fonseca's claim weaker than most, because he is in fact not eating a vegetarian diet. Rather, his only claim is that he is being served fish more often than beef or chicken, and not being served meat as often as he would like. That does not amount to a substantial burden.

**Equal Protection**

The Equal Protection aspect of Fonseca's claim focuses on the disparity between the amount of meat in his meals and the amount of meat in other prisoners' meals. Depriving some prisoners but not others of meat in their diets for no good reason might violate Equal Protection. *See Perez v. Westchester Cnty. Dept. of Corr.*, 587 F.3d 143, 150 (2d. Cir. 2009) (expressing doubt that Equal Protection allowed the county to serve religiously-acceptable meat to Muslim prisoners only twice a year while other prisoners received it regularly). But that is not happening here.

By their nature, different diets are bound to include different foods, and people each have their own preferences. Restrictions, such as the kashrut prohibition on serving meat and dairy at the same meal, introduce even more variation among the diets.  The fact that prisoners with different dietary requirements are served different foods is not an Equal Protection violation, even if some of them wish they were eating beef or chicken rather than fish, or vice versa. *See Sefeldeen v. Alamaida*, 238 Fed. Appx. 204, 206 (9th Cir. 2007) (explaining that prison officials are not required to accommodate individual prisoners' personal — as opposed to religious — food preferences); *Curry*, 2013 WL 75769 at *9 (collecting cases).  Equal Protection requires that similarly situated people be treated similarly, not identically.  *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013).  Furthermore, prison officials are allowed to consider factors such as administrative ease and cost. *Sefeldeen,* at 206.

Here, Fonseca has conceded the decision was at least partly based on cost. (Compl. at 3 (alleging the policy was adopted "to cut cost to the Jewish Kosher Diet Program"); Obj. to R&R, at 6 ("The defendants['] interest of not serving Jewish descendant kosher adherents

meat product[s] daily is based not on government interest nor penological interest but on financial cost.")) The Court rejects Fonseca's suggestion that cost is not a legitimate penological or governmental concern. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (treating cost of providing kosher meals as a legitimate government concern); *Sefeldeen* at 206 ("Here, the legitimate governmental interest is to reasonably accommodate thousands of inmates' religious dietary needs while also considering budgetary, staff, and security limitations.")

Furthermore, Equal Protection claims brought under § 1983 require a showing of intentional unlawful discrimination or discriminatory intent. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Here, there are no allegations that could reasonably give rise to such an inference, and Fonseca's allegations show that the changes were motivated by a desire to cut costs, which is a legitimate government concern.

**Conclusion and Order**

The CDCR is immune from suit, and Fonseca has not stated a claim against Defendant Beard. It is clear he cannot successfully amend his complaint to state a meritorious claim against either Beard or any other potential Defendant. Defendants' motion to dismiss is **GRANTED**. Fonseca's motion for injunctive relief or transfer is **DENIED**. This action is **DISMISSED WITH PREJUDICE**, and the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**.

DATED: July 10, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge