# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RODERICK OLAF FONSECA, | CASE NO. 14cv787-LAB (BLM) |
|---|---|
| Plaintiff, | **ORDER RE: SUPPLEMENTAL PLEADING** |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Defendants moved to dismiss Plaintiff Roderick Fonseca's complaint, and Fonseca moved for a preliminary injunction. Both motions were referred to Magistrate Judge Barbara Major for report and recommendation. Judge Major received briefing, and on June 10 issued her report and recommendation. The Court later rejected it and issued its own ruling, granting the motion to dismiss and denying the motion for preliminary injunction. Fonseca then took an appeal, which is now pending.

It appears Fonseca also submitted what he intended to be a supplemental brief either in support of his opposition to the motion to dismiss or in support of his motion for preliminary injunction. He dated this document June 10, 2015. Because of administrative delay, that document was not docketed until after the Court had dismissed the complaint and Fonseca had taken an appeal.

Assuming Fonseca intended this document as supplemental briefing on the motion to dismiss, he submitted it far too late. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")  If he intended it as a reply brief on the motion for preliminary injunction, he was not given leave to file such a document. (*See* Docket no. 18 (Judge Major's Scheduling Order on Motion for Preliminary Injunction).)

These are not merely minor technical slip-ups; Fonseca's tardy or unauthorized filing prevented Judge Major from taking his supplemental document into account when drafting and issuing her report and recommendation. Nor can it have been intended as objections to the report and recommendation, because Fonseca had not even seen the report and recommendation when he wrote the document.  Because this case is on appeal, the Court lacks jurisdiction to reverse its decision and so cannot construe it as a motion for reconsideration of the Court's ruling.

The motion does, however, request that defense counsel be admonished or disciplined for making false representations to the Court. The notice of appeal deprives the Court only of jurisdiction over the issues appealed, *see Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997), so it appears the Court retains jurisdiction over attorney discipline. That being said, the document's claims of unethical or unprofessional conduct are groundless. The supposedly perjured testimony Fonseca points to merely embodies a dispute of law about whether fish is or is not counted as meat for purposes of the prison kosher diet.  Even if the record supported Fonseca's charges of mendacity, which it does not, the witness' opinion on the legal status of fish was immaterial.  Finally, even if the document had been docketed in time, it would have changed nothing. The Court considered and rejected Fonseca's argument about fish in the prison kosher diet, and nothing in the supplemental document would change that.

/ / /

/ / /

/ / /

In short, for whatever purpose the supplemental document was offered, it is unpersuasive. Fonseca's request that the witness and defense counsel be disciplined or admonished is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 13, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge